50 F.3d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Franklin JACKSON, Defendant-Appellant.
 No. 94-5620.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1994.
Decided: March 21, 1995.
 
 James B. Craven, III, Durham, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Franklin Jackson entered a guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). The guideline range for the offense was between seventy and eighty-seven months. Jackson received an eighty-two month sentence, with a three-year special parole term. He now appeals. We affirm.
 
 
 2
 In his formal brief, Jackson complains that the district court, in imposing sentence, relied impermissibly on Jackson's support, or lack of support, of his five children. The argument is without merit. Under 18 U.S.C.A. Sec. 3742(a) (West 1985 & Supp.1994), a "district court's exercise of discretion in setting a sentence within a properly calculated guideline range" is not appealable. United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). We accordingly dismiss this part of the subject appeal.
 
 
 3
 While we grant Jackson's motion to file a supplemental pro se brief, we find that the contentions raised in that brief have no merit. We note first that Jackson properly received three criminal history points for each of three prior state convictions. See United States Sentencing Commission, Guidelines Manual, Sec. 4A1.1 (Nov.1993). Two of the sentences, imposed in October 1990 and September 1991, were initially suspended. However, those sentences were reactivated when Jackson violated probation. He also received a ten-year sentence, which was not suspended, in November 1992.
 
 
 4
 Jackson contends that at least some of his prior convictions were constitutionally infirm. He is not specific about the convictions or the alleged constitutional violations, and he does not claim that he received ineffective assistance of counsel in connection with those convictions. Under these circumstances, Jackson may not collaterally attack the validity of the convictions. See Custis v. United States, 62 U.S.L.W. 4346, 4347 (U.S.1994); United States v. Munoz, 36 F.3d 1229, 1237 (1st Cir.1994).
 
 
 5
 Jackson asserts that he was entitled to an evidentiary hearing. However, because his valid guilty plea waived all prior nonjurisdictional defects, see Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), this claim lacks merit. We have reviewed the remaining contentions in Jackson's somewhat confusing brief, and also find them to be without merit.
 
 
 6
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.